ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 WEST STOCKER ST STE "B"
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ARABO SARKESYAN, an individual,

          **Plaintiff,**

    vs.

TRANS UNION, LLC a Delaware Limited

Liability Company,

          **Defendant.**

CASE No. **CV12-7366**

**COMPLAINT FOR:**

1) Violations of 15 U.S.C. §1681 et seq.;
2) Violations of California Civil Code §1785 et seq.;
3) Violations of California Business & Professional Code §17200;

**DEMAND FOR JURY TRIAL**

Plaintiff ARABO SARKESYAN (hereinafter "Plaintiff") on behalf of himself brings his Complaint against Defendant TRANS UNION, LLC (hereinafter "Defendant") for violations of 15 U.S.C. §1681 et seq. referred to as the Fair Credit Reporting Act ("FCRA"), California Civil Code §1785 et seq. referred to as Consumer Credit Reporting Agencies Act ("CCRAA"), California Business & Professional Code §17200, and alleges as follows:

**PRELIMINARY STATEMENT**

1.  Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]c___ and fairness of credit reporting." FCRA provides several protections for consu___s, including but not limited to the right to know about information furnished to their credit file and the right to dispute any such information believed to be inaccurate and/or incomplete.

2.   FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or use the consumer credit reports for any reason. FCRA Section 611, 15 U.S.C. §1681i imposes obligations on credit reporting agencies, such as the duty to report accurate information, take consumer disputes and conduct timely and adequate investigations, correct and update erroneous information, block or delete inaccurate, unverifiable and fraudulent information and provide certain disclosures and notices to consumers pertaining to disputes, investigations, reinsertions, etc..

3.   FCRA Section 605B, 15 U.S.C. §1681c-2, specifically sets forth the obligations of consumer credit reporting agencies with respect to the blocking, unblocking, investigation and deletion of any and all information identified by consumers as fraudulent.

4.   FCRA Sections 616 and 617, at 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA, inclusive of the credit reporting agencies, with regards to their credit and consumer rights provided under the Act.

5.   The CCRAA regulates consumer credit reporting agencies as well as furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. The CCRAA is heavily concentrated on identifying and enforcing obligations on credit reporting agencies with respect to maintaining accuracy and fairness in consumer credit reporting.

6.   Under CCRAA, consumers have the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Credit reporting agencies are required to conduct timely and thorough investigation of any such information disputed by consumers, to correct any fixable inaccuracies or permanently delete any item of dispute that is found inaccurate, missing or otherwise unverifiable per California Civil Code §1785.16. Credit reporting agencies are further obligated to block or delete credit information that is related to fraud per that same section.

7.   CCRAA, at California Civil Code §1785.16(k), specifically instructs credit reporting agencies to block information identified as fraudulent by the consumer,

upon receipt of a police/investigator's fraud report filed pursuant to Section 530.5 of the Penal Code. At this section, CCRAA further governs the unblocking and reinsertion of previously blocked information by the credit reporting agencies.

8.     Under CCRAA, consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages per California Civil Code §1785.19 and §1785.31.

## I.     JURISDICTION AND VENUE

9.     Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

10.   Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II.     PRIVATE RIGHT OF REMEDY

11.     15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against any person for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

12.     California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

13.     California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## III.     THE PARTIES

14.     Plaintiff is a natural person, an individual residing in the City of Glendale, Los

Angeles County, State of California.

15.     Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

16.     Defendant is a consumer reporting agency/consumer credit reporting agency as these terms are defined in 15 U.S.C. §1681a(f) and California Civil Code §1785.3(b) respectively.

17.     Defendant is a national credit reporting agency that regularly conducts business in the State of California.

18.     Defendant is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

19.     Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein:

a.     Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;

b.     Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

c.     Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

d.     Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

e.     Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f.     Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint

venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant.

20.    Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## IV.    FACTS COMMON TO ALL COUNTS

21.    In or around November 2010 Plaintiff obtained and reviewed his credit reports from the national Credit Reporting Agencies, including the Defendant, through which he discovered multiple fraudulent accounts reported to his credit file. Based on knowledge and information, Plaintiff believed and thereon declared that the accounts did not belong to him and that he had not used, obtained goods or services, or otherwise benefited from these accounts.

22.    On or about November 16, 2010, Plaintiff went to a local police station and filed an identity theft report pursuant to Penal Code section 530.5, by providing a copy of his credit report for evidence and description of the fraudulent accounts.

23.    On or about January, 2011 upon information and advice, Plaintiff also filed out a fraud affidavit issued by the Federal Trade Commission (FTC), listing in detail all the fraudulent accounts he had discovered.

24.    On or about January 26, 2011 Plaintiff submitted copies of his identity theft police report and FTC fraud affidavit to the Credit Reporting Agencies, Defendant inclusive, and also to each respective creditor/owner/furnisher of those accounts.

25.    Defendant, upon receipt of a valid identity theft police report and notarized affidavit of fraud, disregarded Plaintiff's fraud claim, the supporting documentation and its duty by failing to block the fraudulent accounts at least until the matter was properly investigated with the furnishers and resolved by the permanent deletion of the fraudulent accounts.

26.    On or about May 24, 2011, in an effort to follow up on his fraud claim, Plaintiff contacted Defendant by telephone and addressed its failure to block the fraudulent accounts from reporting upon receipt of his fraud notice, affidavit and police report.

Plaintiff requested that Defendant immediately block the fraudulent accounts from reporting, regardless of any ongoing investigation and pending results.

27.  Defendant refused to comply with Plaintiff's request and in an effort to justify its failure to block the fraudulent accounts from reporting, claimed that Plaintiff's police report was not valid and sufficient.

28.  Defendant did not properly explain the shortcomings with respect to Plaintiff's fraud report or why, even if the report was insufficient, Plaintiff was not informed of any such insufficiency or missing information in order to expedite his fraud dispute.

29.

30.  On or about December, 2010, upon information and advice, Plaintiff contacted the Police Department to purchase a full copy of his identity theft report for a fee of twenty three dollars ($23), which apparently included more detail and is issued following the Police Department's investigative review of the initially filed claims.

31.  In or around January, 2011 and May 2011 upon receipt of the full copy of his identity theft police report, Plaintiff forwarded copies of the full police report to Defendant, requesting that it blocks the fraudulent accounts without further delays and excuses.

32.  Upon receipt of the full police report and affidavit, Defendant again failed to block or delete the fraudulent accounts from reporting.

33.  Even after receipt of the full police report and multiple further follow-up notices, Defendant continued to report the fraudulent accounts on Plaintiff's credit reports without reason or explanation. Defendant failed to block the fraudulent accounts, conduct proper investigation and eventually permanently delete the fraudulent accounts. Alternatively, Defendant failed to provide Plaintiff with verification of the accounts or a reason for its refusal to block and delete the fraudulent accounts.

34.  Upon receipt of a valid Police report and a notarized statement from Plaintiff identifying information as fraudulent, which appears in ' is credit report, Defendant at the very least was obligated to block the accounts from reporting until the information was properly investigated. The law clearly instructs for information identified as fraudulent by a consumer to be immediately blocked by the CRAs, before completing or even starting

1    an investigation with the furnisher, especially when such claims of fraud are supported by

2    proper documents, including police/fraud report and affidavit.

3    35.    Defendant declined and rescinded Plaintiff's request to block fraudulent

4    information without notification and explanation and it further failed to identify and

5    request any necessary information missing from Plaintiff's correspondence that may have

6    prevented Defendant from blocking the fraudulent accounts.

7    36.    To date, after multiple notices and requests, Defendant still continues to maintain

     the majority of the fraudulent accounts, originally disputed, on file under Plaintiff's

8    name.

9    37.    As a result of Defendant's conduct, Plaintiff has suffered:

10   a.    Actual damages and serious financial harm arising from monetary losses relating

11   to denials to new credit, loss of use of funds, loss of credit and loan opportunities,

12   excessive and/or elevated interest rate and finance charges that could be otherwise

13   avoided or mitigated with prompt and proper handling of Plaintiff's dispute;

14   b.    Out of pocket expenses associated with communicating with Defendant, disputing

15   the credit information, cost of lost time and for Defendant's constant failures/refusals to

16   cooperate;

17   c.    Emotional distress and mental anguish associated with having fraudulent

     derogatory credit information transmitted about Plaintiff to other people both known and

18   unknown;

19   d.    Decreased credit score and creditworthiness, which may result in inability to

20   obtain credit, employment or housing on future attempts.

21

22                                     **COUNT I**

23                               **Violations of FCRA**

24

25   38.    Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth

     in full in this cause of action.

26   39.    Plaintiff is a "consumer" as this term is defined under FCRA, 15 U.S.C. Section

27   1681(a)(c).

28

40. Defendant is a "consumer reporting agency" as this term is defined under FCRA, 15 U.S.C. Section 1681(a)(f).

41. Defendant reported and to date maintains fraudulent accounts in Plaintiff's credit reports even after several notices and supporting evidence of the fraud.

42. Defendant has failed or refused, despite Plaintiff's letters, to acknowledge that the accounts are fraudulent and to block/delete the fraudulent accounts. Defendant willfully violated the provisions of the FCRA Section 605B (15 U.S.C. §1681c-2), which states as follows:

(a) *Block.* Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of--

(1) appropriate proof of the identity of the consumer;

(2) a copy of an identity theft report;

(3) the identification of such information by the consumer; and

(4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

(b)*Notification.* A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (a)--

(1) that the information may be a result of identity theft;

(2) that an identity theft report has been filed;

(3) that a block has been requested under this section; and

(4) of the effective dates of the block.

(c) Authority to decline or rescind

(1) *In general.* A consumer reporting agency may decline to block, or may rescind any block, of information relating to a consumer under this section, if the consumer reporting agency reasonably determines that--

(A) the information was blocked in error or a block was requested by the consumer in error;

(B) the information was blocked, or a block was requested by the consumer, on the basis of a material misrepresentation of fact by the consumer relevant to the

request to block;  or

(C) the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions.

(2) *Notification to consumer*. If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly, in the same manner as consumers are notified of the reinsertion of information under section 1681i(a)(5)(B) of this title.

(3) Significance of block. For purposes of this subsection, if a consumer reporting agency rescinds a block, the presence of information in the file of a consumer prior to the blocking of such information is not evidence of whether the consumer knew or should have known that the consumer obtained possession of any goods, services, or money as a result of the block.

(d) Exception for resellers

(1) *No reseller file*. This section shall not apply to a consumer reporting agency, if the consumer reporting agency--

(A) is a reseller;

(B) is not, at the time of the request of the consumer under subsection (a) of this section, otherwise furnishing or reselling a consumer report concerning the information identified by the consumer;  and

(C) informs the consumer, by any means, that the consumer may report the identity theft to the Commission to obtain consumer information regarding identity theft.

(2) *Reseller with file*. The sole obligation of the consumer reporting agency under this section, with regard to any request of a consumer under this section, shall be to block the consumer report maintained by the consumer reporting agency from any subsequent use, if--

(A) the consumer, in accordance with the provisions of subsection (a) of this section, identifies, to a consumer reporting agency, information in the file of the consumer that resulted from identity theft;  and

(B) the consumer reporting agency is a reseller of the identified information.

(3) *Notice*. In carrying out its obligation under paragraph (2), the reseller shall

1    promptly provide a notice to the consumer of the decision to block the file. Such

2    notice shall contain the name, address, and telephone number of each consumer

3    reporting agency from which the consumer information was obtained for resale.

4    43.    Defendant knowingly and willfully has further violated the FCRA by the

5    following acts performed:

6    a.    Failure, in the preparation of the consumer report concerning Plaintiff,
     specifically failure to follow reasonable procedures to assure maximum possible accuracy

7    of the information in Plaintiff's credit report.

8    b.    Failure to conduct an adequate investigation of Plaintiff's complains and to

9    correct, after receiving ample notice, information about the Plaintiff which Defendant

10   knew, or should have known, was incomplete and/or inaccurate. Specifically, Defendant

11   has failed to conduct proper research into Plaintiff's disputes, which, provided all

12   supporting documents, Defendant knew or should have known involved fraud and

13   required prompt correction.

14   c.    Failure to block and/or delete the fraudulent information in Plaintiff's file, upon

15   notice of fraud and after conducting an investigation;

16   44.    Plaintiff further alleges that Defendant has willfully violated FCRA with respect

17   to Plaintiff and towards others similarly situated. Specifically, Defendant deliberately has

18   inefficient procedures for correcting its credit files, because it knows a certain number of

19   consumers will either be intimidated or too frustrated to continuously fight back against
     the constant onslaught of incorrect reporting.

20   45.    As of the date of the commencement of Plaintiff's Complaint and even at time of

21   preparation of this Complaint, Plaintiff still has the fraudulent accounts reporting on his

22   credit report maintained with Defendant, which were due to identity theft and which

23   caused and continue to cause Plaintiff emotional and financial damages as a result of

24   willful and negligent noncompliance actions and/or inactions of Defendant. Defendant

25   has injured Plaintiff's reputation as a consumer and thereby his ability to qualify for new

26   credit.

27   46.    As a proximate result of the actions of the Defendant, Plaintiff has been damaged
     in an amount which will be proven at time of trial. As provided under the cited laws,

28   Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties,

costs and attorney fees, and injunctive relief instructing permanent deletion of the fraudulent accounts.

47.    Plaintiff invokes his right to this action for Defendant's civil liability for willful noncompliance provided under FCRA Section 616, 15 U.S.C. §1681n, which states as follows:

"(a)Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 or

(2) such amount of punitive damages as the court may allow; and

(3)in case of any successful action to enforce any liability under this section, the cost of the action together with reasonable attorney's fees as determined by the court."

48.    Plaintiff invokes his right to this action for Defendant's civil liability for negligent noncompliance provided under FCRA Section 617, 15 U.S.C. §1681o, which states as follows:

"(a)... any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of that failure;

(2)in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

## COUNT II
## VIOLATIONS OF CCRAA

49.    Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

50.    Plaintiff is a "consumer" as this term is defined under CCRAA, California Civil Code §1785.3(b).

51.     Defendant is a "consumer credit reporting agency" as this term is defined under CCRAA, California Civil Code §1785.3(d).

52.     Defendant as a consumer credit reporting agency has failed to follow reasonable procedures to assure maximum possible accuracy of the information reported concerning the Plaintiff.

53.     Defendant has willfully and negligently failed to comply with CCRAA, California Civil Code §1785.16(k), which states as follows:

(k) If a consumer submits to a credit reporting agency a copy of a valid police report, or valid investigative report made by a Department of Motor Vehicles investigator with peace officer status, filed pursuant to Section 530.5 of the Penal Code, the consumer credit reporting agency shall promptly and permanently block reporting any information that the consumer alleges appears on his or her credit report as a result of a violation of Section 530.5 of the Penal Code so that the information cannot be reported. The consumer credit reporting agency shall promptly notify the furnisher of the information that the information has been so blocked.

54.     Defendant knowingly and willfully has further violated the FCRA by the following acts performed:

a.     Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information maintained in Plaintiff's credit file, in violation of Cal. Civ. Code §1785.14(b).

b.     Defendant failed to conduct investigation upon receipt of Plaintiff's dispute of fraudulent credit items, in violation of Cal. Civ. Code §1785.15(f).

c.     Defendant failed to correct or delete the inaccurate credit information following Plaintiff's dispute, in violation of Civ. Code §1785.16(b)

55.     Plaintiff invokes his right to this action for Defendant's civil liability for violations of this title provided under CCRAA, California Civil Code §1785.31, which states as follows:

(a)     Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1)     In the case of negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.

(2)     In the case of a willful violation:

(A)   Actual damages as set forth in paragraph (1) above:

(B)   Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;

(C)   Any other relief that the court deems proper.

[...]

(b)   Injunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of this title whether or not the consumer seeks any other remedy under this section.

56.     Plaintiff is further entitled to damages pursuant to CCRAA, California Civil Code §1785.19, which states as follows:

(a)   In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against any of the following:

(1)     A person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11.

(2)     Any person who knowingly and willfully obtains data from a file other than as provided in Section 1785.11.

(3)     A person who uses the data received from a file in a manner contrary to an agreement with the consumer credit reporting agency.

Such an action may also be brought by the person or entity responsible for the file accessed. This remedy is in addition to any other remedy which may exist.

(b)   If a plaintiff prevails in an action under subdivision (a) he or she shall be awarded the civil penalty, costs, and reasonable attorney fees.

## COUNT III

## VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200

57.     Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

58.     Plaintiff is informed and believes and thereon alleges that Defendant committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code §17200, specifically by disregarding State and Federal laws governing the business operations of credit reporting agencies and by carrying out company policies that are conflicting with those laws.

59.     Plaintiff has brought a claim against Defendant for violation of Business and Professions Code §17200, because he has suffered sufficient injury to his credit and his name which in turn resulted in financial damages that are the direct result of Defendant's violations alleged above and herein.

60.     Plaintiff lost money as a direct result of Defendant's noncompliance with its duty to resolve Plaintiff's fraud claim in a timely and proper manner. As a result of Defendant's wrongful conduct in reporting and allowing the continuous reporting of fraudulent information, Plaintiff has suffered various damages and injuries according to proof at trial.

61.     Plaintiff seeks equitable relief, costs of lawsuit and other reasonable fees associated with this case and for such other and further relief as the Court may deem just and proper.


## COUNT IV
## VIOLATIONS OF CALIFORNIA CIVIL CODE §3294


62.     Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

63.     Plaintiff has brought a claims against Defendant for violation of California Civil Code §3294 because of its breach of an obligation owed to Plaintiff which did not arise from contract but rather exist in the relationship of a CRA such as the Defendant and a consumer such as the Plaintiff.

64.   As alleged herein, Defendant has made several representations to Plaintiff with regard to important facts, including claims that the fraudulent accounts were investigated and were verified to remain on the credit reports.

65.   The representations made by Defendant to Plaintiff, subject to this Complaint, were false and those misrepresentations were used to coerce Plaintiff to believe that Defendant was actually conducting reasonable investigation, that Plaintiff's compliance in providing the necessary notices and documents would result in Defendant's cooperation and that Defendant was not instructed by furnishers of the fraudulent accounts to delete their reporting.

66.   Defendant knew that the representations made to Plaintiff, as set forth    herein, were false when the representations were made, or the subject representations were made with reckless disregard for the truth.

67.   Defendant intended that Plaintiff rely on the false misrepresentations made by Defendant.

68.   Plaintiff reasonably relied on said representations, in that Plaintiff believed that the statements, disclosures and representations made by Defendant were true and accurate. Defendant's misrepresentations compelled Plaintiff to make unnecessary efforts and put Plaintiff through additional undue distress while trying to resolve the situation.

69.   As a result of his reliance, Plaintiff was harmed and suffered damages. Plaintiff's reliance on Defendant's false representations was a substantial factor in causing delays and Plaintiff's additional harm.

70.   Defendant is guilty of malice, fraud or oppression, as defined in California Civil Code §3294, and Defendant's actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff for the benefit and monetary gain of Defendant. As such, Plaintiff is entitled damages pursuant to §3294(a) and is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter future misconduct.

## V.  **PRAYER FOR RELIEF**

71.   Defendant's actions constituted willful violations of the Federal and State laws as

described above and herein with respect to Plaintiff's credit file, his rights and his reputation.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendant for:

a)      Actual damages pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

b)      Statutory damages pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

d)      Punitive damages pursuant to 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

e)      Injunctive relief ordering Defendant to delete the reporting of all fraudulent accounts, pursuant to Cal. Civ. Code §1785.31(b) and pursuant to the fact that the reported information is and has been established as fraudulent;

f)      Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

g)      Any other relief this Honorable Court deems just and proper.

DATED: August 24, 2012

Respectfully submitted,

By:_____

Arshak Bartoumian, Attorney for Plaintiff

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ARABO SARKESYAN | TRANS UNION, LLC a Delaware Limited Liablity Company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ARSHAK BARTOUMIAN (SBN 210370): TEL. 818-532-9339 OMNIA LEGAL, INC 124 W STOCKER ST STE B, GLENDALE, CA 91202 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SEC. 1681, CAL CIV CODE 1785 and CAL BUS. & PROF CODE 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt | Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 | | |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 355 Motor Vehicle | USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | Veterans) | Product Liability | | ☐ 620 Other Food & | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of Overpayment of | ☐ 360 Other Personal Injury | ☐ 441 Voting | Drug | ☐ 840 Trademark |
| Exchange | Veteran's Benefits | ☐ 362 Personal Injury- | ☐ 442 Employment | ☐ 625 Drug Related Seizure of | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | Med Malpractice | ☐ 443 Housing/Acco- mmodations | Property 21 USC 881 | ☐ 862 Black Lung (923) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal | ☐ 445 American with Disabilities - | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | Injury Product Liability | Employment | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - | ☐ 660 Occupational Safety /Health | |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | Other | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 |
| ☐ 900 Appeal of Fee Determi- nation Under Equal | ☐ 240 Torts to Land | Alien Detainee | | | USC 7609 |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV12-7366

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 08/27/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved for use by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |